# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SPEEDSPORTZ, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-CV-0280-CVE-PJC |
| | ) | |
| STANLEY BAUER, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is defendant's Motion to Dismiss (Dkt. # 9). Defendant Stanley Bauer (Bauer) seeks dismissal based on lack of personal jurisdiction. Plaintiff Speedsportz, LLC (Speedsportz) responds that the Court has personal jurisdiction over defendant and the motion should be denied. In the alternative, plaintiff asserts that jurisdictional discovery should be allowed, and/or the case should be transferred to an appropriate venue. Dkt. # 12.

## I.

Plaintiff is an Oklahoma limited liability company with its principal place of business in Tulsa, Oklahoma. Dkt. # 1 at 1. Defendant is a resident of California. Id. Plaintiff is the owner of an "exceedingly expensive and highly collectible" 1927 Bentley automobile. Id. at 2. In January 2011, plaintiff sent the Bentley to Scottsdale, Arizona to be put up for auction by Gooding & Company, Inc. Id. On January 20, 2011, defendant test drove the Bentley. Id. Plaintiff alleges that, while driving the Bentley, defendant negligently downshifted the car causing "catastrophic transmission failure." Id. at 3. Plaintiff filed this case on May 10, 2011 seeking to recover over $128,000 in damages that it claims were the result of defendant's alleged negligence. Id. Defendant filed a motion to dismiss the case for lack of personal jurisdiction.

**II.**

On a motion to dismiss for lack of personal jurisdiction, plaintiff bears the burden of establishing that the Court has personal jurisdiction over the defendant. OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1091 (10th Cir. 1998). "When a district court rules on a Fed.R.Civ.P. 12(b)(2) motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, . . . the plaintiff need only make a *prima facie* showing of personal jurisdiction to defeat the motion." Id. (citations omitted). "The plaintiff may make this *prima facie* showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." Id. at 1091. "In order to defeat a plaintiff's *prima facie* showing of jurisdiction, a defendant must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'" Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985)). The allegations of the complaint must be accepted as true to the extent they are uncontroverted by a defendant's affidavit. Taylor v. Phelan, 912 F.2d 429, 431 (10th Cir. 1990). If the parties provide conflicting affidavits, all factual disputes must be resolved in plaintiff's favor and a prima facie showing of personal jurisdiction is sufficient to overcome defendant's objection. Id.

**III.**

**A.**

Defendant states that he is a resident of California and that he lacks any contacts with Oklahoma that would justify jurisdiction over him. Defendant states in an affidavit that he has been in Oklahoma only once, when he drove through on a vacation tour of Route 66. Dkt. # 9-1.

Nevertheless, plaintiff argues that both general and specific jurisdiction can be asserted over defendant.

To demonstrate the existence of personal jurisdiction over a nonresident defendant in a diversity action, plaintiff must demonstrate the existence of every fact required to satisfy both the forum's long-arm statute and the Due Process Clause of the United States Constitution. See Okla. Stat. tit. 12, § 2004(F). "Because Oklahoma's long-arm statute permits the exercise of jurisdiction that is consistent with the United States Constitution, the personal jurisdiction inquiry under Oklahoma law collapses into the single due process inquiry." Intercon, Inc. v. Bell Atl. Internet Solutions, Inc., 205 F.3d 1244, 1247 (10th Cir. 2000) (citing Rambo v. Am. S. Ins. Co., 839 F.2d 1415, 1416 (10th Cir. 1988)); see also Hough v. Leonard, 867 P.2d 438, 442 (Okla. 1993).

"Due process requires that the nonresident defendant's conduct and connection with the forum state are such that the nonresident could reasonably anticipate being haled into court in that state." Conoco, Inc. v. Agrico Chem. Co., 115 P.3d 829, 835 (Okla. 2004) (citing World–Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)). "The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant 'so long as there exist minimum contacts between the defendant and the forum State.'" Intercon, 205 F.3d at 1247 (quoting World–Wide Volkswagen, 444 U.S. at 291). The existence of such minimum contacts must be shown to support the exercise of either general jurisdiction or specific jurisdiction. A court "may, consistent with due process, assert specific jurisdiction over a nonresident defendant 'if the defendant has purposefully directed his activities at the residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities.'" Intercon, 205 F.3d at 1247 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)). "When a plaintiff's cause of

action does not arise directly from a defendant's forum related activities, the court may nonetheless maintain general personal jurisdiction over the defendant based on the defendant's business contacts with the forum state." Intercon, 205 F.3d at 1247 (citing Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 414–16, n.9 (1984)).

Defendant has submitted an affidavit stating that he has never done business in Oklahoma and that he owns no real property in Oklahoma. Dkt. # 9-1. Plaintiff asserts that general jurisdiction is proper over defendant because defendant has a "multitude of national and international contacts" and is "known to travel outside of California and the United States on a regular and/or routine basis." Dkt. # 12 at 2, 7. In support of this contention, plaintiff submits photographs of defendant from the Internet taken at car shows and auctions in Mexico, Italy, and California. See Dkt. ## 12-2, 12-3, 12-4. "Because general jurisdiction does not involve contacts with the forum state directly related to the lawsuit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's continuous and systematic general business contacts." Sleepy Lagoon, Ltd. v. Tower Group, Inc., – F. Supp. 2d –, 2011 WL 3652587, at *5 (N.D. Okla. Aug. 19, 2011) (internal quotations omitted). Plaintiff's allegations that defendant attends car shows around the world is completely irrelevant to the issue of whether he has continuous and systematic contacts *in Oklahoma*. The fact that defendant may do business in Italy or Mexico does not give rise to the implication that he does any business in, or has any contacts with, Oklahoma. Plaintiff's contention to the contrary stretches the bounds of logic. This Court cannot assert jurisdiction over a defendant based on the theory that, because he is a prolific traveler, he might theoretically at some point have traveled to Oklahoma.

Plaintiff also attempts to support its contention that general jurisdiction over defendant exists by asserting that defendant is affiliated with four companies and organizations. Dkt. # 12 at 6. Plaintiff states that defendant is: (i) president of Stanley Bauer, Corporation, Inc. based in California; (ii) an officer of Georgia Diamond Corporation of California; (iii) former owner of Lodis, Inc., which was located in California and was originally founded by a Spanish company; and (iv) president of the Los Angeles Region of the Porsche Club of America. Id. Plaintiff attaches various documents from the Internet evidencing defendant's affiliations with these organizations. Dkt. ## 12-4, 12-5, 12-6, 12-7. Plaintiff has failed to allege that any of these companies or organizations has ever done any business in Oklahoma or has continuous and systematic contacts with Oklahoma. Even if plaintiff had made such a showing, it would not necessarily be relevant because an individual is not automatically subject to jurisdiction through the acts of an organization with which he is affiliated. See Ten Mile Indus. Park v. W. Plains Serv. Corp., 810 F.2d 1518, 1527 (10th Cir. 1987) ("Where the acts of individual principals of a corporation in the jurisdiction were carried out solely in the individuals' corporate or representative capacity, the corporate structure will ordinarily insulate the individuals from the court's jurisdiction."); Labadie v. Protec Fuel Mgmt., LLC, No. 10-CV-587-CVE-FHM, 2011 WL 43088, at *7 (N.D. Okla. Jan. 4, 2011) ("The general rule is that a court does not obtain personal jurisdiction over a corporate employee based on the corporation's contacts with the forum state."). The Court notes that plaintiff has failed to cite a single case in support of its contention that general jurisdiction exists under the circumstances of this case. The Court finds that plaintiff has failed to make a prima facie showing that there is general jurisdiction over defendant in Oklahoma.

Plaintiff asserts that there is specific jurisdiction over defendant because he knowingly drove an automobile that is owned by an Oklahoma resident and the car was brought to Oklahoma for repairs. Id. at 4-5. Plaintiff states that "the driver's only connection to the Plaintiff or this car was as an attendee at the auction along with hundreds of thousands of other people. He never asked permission of the owner or anyone connected with the owner to drive the car." Dkt. # 12 at 5. The Court notes that plaintiff has again failed to cite a single case in support of its contention that specific jurisdiction exists in these circumstances. For a court to exercise specific jurisdiction over a nonresident defendant, a plaintiff must show that "the defendant has purposefully availed itself of the privilege of conducting activities or consummating a transaction in the forum state" and that "the litigation results from alleged injuries that arise out of or relate to those activities." Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1160 (internal quotations omitted). As an initial matter, plaintiff has not alleged that defendant knew the car was owned by an Oklahoma resident when he drove it. Thus, there is no showing that defendant *purposefully* availed himself of any activity relating to Oklahoma. Furthermore, mere contact and alleged injury to an object owned by an Oklahoma resident does not in and of itself subject an individual to jurisdiction within Oklahoma. See Semanic v. Express Car Rental, No. 09-1420, 2010 WL 1053058, at *3 (E.D. Pa. Mar. 17, 2010) (holding there was no jurisdiction over nonresident who had caused injury to forum resident in a car accident in New Jersey ); Acey v. Schmidt, No. 06-77, 2006 WL 1670211, at *4 (W.D. Pa. June 15, 2006) ("Plaintiffs cannot establish personal jurisdiction over [nonresident defendant] based on the fact that [forum resident plaintiff] suffered or continues to suffer injuries in Pennsylvania when the actual [car accident] occurred in Maryland."); see also Jamik, Inc. v. Days Inn of Mount Laurel, 74 F. Supp. 2d 818, 823 (N.D. Ill. 1999) (Illinois court did not have personal jurisdiction over New

6

Jersey defendant merely because product purchased by defendant was manufactured in Illinois and owned by Illinois resident). Thus, plaintiff has failed to show that this Court has specific jurisdiction over defendant.

**B.**

Plaintiff argues that it should be entitled to conduct discovery on defendant's international and national connections in order to establish jurisdiction in Oklahoma. Dkt. # 12 at 7-8. As noted by plaintiff, "[w]hen a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." Budde v. Ling-Temco Vought, Inc., 511 F.2d 1033, 1035 (10th Cir. 1975). In determining whether to allow jurisdictional discovery, "the trial court is vested with broad discretion and should not be reversed unless discretion is abused." Id. A refusal to grant discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant. Sizova v. Nat'l Inst. of Standards & Tech., 282 F. 3d 1320, 1326 (10th Cir. 2002). "Prejudice is present where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary." Id. (internal quotations omitted).

In this case, plaintiff has not identified a single fact that is in dispute, nor has plaintiff made any allegations that, if proven, would lead to a finding of personal jurisdiction in Oklahoma. Plaintiff has not even identified the avenues of discovery it seeks to pursue or how such inquiry might uncover evidence of jurisdiction. The Court will not grant jurisdictional discovery simply because defendant has "business and contacts doing business internationally and nationally" when not a single one of those entities is alleged to be doing business in this jurisdiction. In these circumstances the Court finds that there is no prejudice to plaintiff in denying jurisdictional

7

discovery. See Fisher v. Sw. Bell Tel. Co., No. 07-CV-433-CVE-SAJ, 2008 WL 2165957, at *5, n.3 (N.D. Okla. May 20, 2008) (denying jurisdictional discovery where plaintiff "has not identified any jurisdictional facts in dispute"); Custom Cupboards, Inc. v. Cemp Srl, No. 10-1060-JWL, 2010 WL 1854054, at *5 (D. Kan. May 7, 2010) (denying jurisdictional discovery where "Plaintiff has not submitted any evidence that controverts the facts set forth in defendant's affidavit"); First Magnus Fin. Corp. v. Star Equity Funding, No. 06-2426-JWL, 2007 WL 635312, at *10 (D. Kan. Feb. 27, 2007) (denying jurisdictional discovery where plaintiff "has not stated any facts that it believes jurisdictional discovery would likely reveal").

## C.

Plaintiff argues that outright dismissal of this case is not the appropriate remedy upon a finding of lack of personal jurisdiction, but that the Court should instead transfer the case to the proper jurisdiction, namely the District of Arizona. Dkt. # 12 at 9-10.

If a court determines that "there is a want of jurisdiction" over a case, it "shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought . . ." 28 U.S.C. § 1631; see also Fed. Deposit Ins. Corp. v. McGlamery, 74 F.3d 218, 220 (10th Cir. 1996). Despite the provision's use of the mandatory "shall," the Tenth Circuit has "interpreted the phrase 'if it is in the interest of justice' to grant district court discretion in making a decision to transfer an action or instead to dismiss the action without prejudice." Trujillo v. Williams, 465 F.3d 1210, 1222-23 (10th Cir. 2006). In exercising this discretion, the district court must consider the following three factors: "(1) whether the claims would be barred by a statute of limitations if filed anew in the proper forum, (2) whether the claims alleged are likely to have merit, and (3) whether the claims were filed in good faith or if, on the other hand, it was

8

clear at the time of filing that the court lacked the requisite jurisdiction." Fox v. Cal. Franchise Tax Bd., No. 08-CV-1047-PAB-BNB, 2010 WL 3873701, at * 1 (D. Colo. Sept. 29, 2010) (citing Young v. State Gov't of Okla., 98 F. App'x 760, 763-64 (10th Cir. 2004) (unpublished)); see also Trujillo, 465 F.3d at 1223, n.16; Trierweiler v. Croxton & Trench Holding Corp., 90 F.3d 1523, 1543 (10th Cir.1996).

Plaintiff states that "complete dismissal is not an option." Dkt. # 12 at 7. However, plaintiff has failed to address the three factors noted above and has not made any argument as to why it is in the interest of justice to transfer this case rather than to dismiss without prejudice. Having considered the three relevant factors, the Court finds that it is not in the interest of justice to transfer this case. As to the first factor, the action would not be time-barred if plaintiff were to re-file in the District of Arizona. The statute of limitations in Arizona for a claim of damage to property is two years. See Ariz. Rev. Stat. § 12-542; see also Moton v. City of Phoenix, 410 P.2d 93, 95-96 (Ariz. 1966). The alleged injury in this case occurred on January 20, 2011. Dkt. # 1 at 2. Thus, the statute of limitations would not expire until January 20, 2013. This factor weighs against transfer. The second factor weighs in favor of transfer, as plaintiff appears to have sufficiently stated a claim for negligence. The third factor, however, weighs strongly against transfer. Plaintiff's complaint and response to the motion to dismiss show that plaintiff had no basis to believe that defendant had sufficient contacts to warrant jurisdiction in Oklahoma. Plaintiff's failure to cite a single case in support of its theory that jurisdiction was warranted based on these facts only highlights the fact that plaintiff should have known jurisdiction was not proper in this forum. "This is not a case in which jurisdiction and venue turned on the existence of some elusive fact about which [plaintiff] made an erroneous guess." Keaveney v. Larimer, No. 00-22-2213, 2000 WL 1853994, at *2 (10th Cir. 2000)

9

(unpublished);[1] see also Fox, 2010 WL 3873701, at *3 (denying motion to transfer where "Plaintiff's allegations reveal that the [defendants] did not purposefully direct any of the alleged conduct at Colorado"); Young, 98 Fed. App'x at 764 (affirming dismissal in lieu of transfer where plaintiff "must have been aware that all the parties he attempted to sue had little or no contact with the state of New Mexico").

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss (Dkt. # 9) is **granted,** and this case is hereby dismissed without prejudice.

**DATED** this 28th day of September, 2011.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.